UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-22956

COLLEEN CONDEN,

    Plaintiff,

v.

ROYAL CARIBBEAN GROUP, LTD.,
A LIBERIAN CORPORATION,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

Plaintiff, COLLEEN CONDEN ("Plaintiff"), through undersigned counsel, sues Defendant, ROYAL CARIBBEAN GROUP, LTD., ("Defendant"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. Further, this Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

3. Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

4. Plaintiff is *sui juris* and is a resident and citizen of the state of Pennsylvania.

5. Plaintiff is entitled to a jury trial pursuant to *Leslie v. Carnival Corp.*, 22 So. 3d 561,562 (Fla. 3d DCA 2008).

6. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

7. Defendant is a dual citizen of the State of Florida and the nation of Liberia.

8. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed.

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS

10. The incident occurred on or about September 20, 2019 while Plaintiff was a lawfully paying passenger on a cruise with Defendant's cruise ship vessel, the RCCL *Adventure of the Seas*.

11. Plaintiff requires the use of a scooter, and Defendant told Plaintiff that it would charge Plaintiff's scooter each day. However, Defendant did not adequately charge Plaintiff's

scooter, and as a result, Plaintiff was not able to use her scooter, and Defendant provided her with one of its scooters. However, this scooter was bigger, faster, different, and much more dangerous than Plaintiff's scooter, and controlled differently, including, but not limited to, by having an unreasonably dangerously sensitive and powerful acceleration/throttling mechanism, and RCCL provided no adequate instructions on how to use its scooter. Defendant knew or should have known of the danger of this scooter, for reasons that include, but are not limited to, that it had possession of it for a long period of time (and it was also an older model), and/or had prior incidents/complaints involving this type of scooter and/or these types of hazards. As a result, when using the scooter while the ship was docked in Nova Scotia, she was thrown off the scooter. As a result of the incident, Plaintiff suffered severe injuries that included, but are not limited to, multiple fractures to Plaintiff's ribs and clavicle, a torn rotator cuff, and injuries to Plaintiff's head, and/or other injuries. However, Plaintiff's torn rotator cuff, head injuries, and/or other injuries were not adequately diagnosed by Defendant when Plaintiff sought medical care at its medical center, causing additional pain and suffering and/or exacerbation of her injuries.

12. At all times material hereto, Defendant owned, operated, maintained, managed, and/or controlled the scooter (including the parts thereof) involved in Plaintiff's incident.

13. At all times material hereto, Defendant owned, operated, maintained, managed, and/or controlled the cruise ship, the RCCL *Adventure of the Seas*, as well as the subject scooter (including the parts thereof).

14. At all times relevant, the subject scooter (including the parts thereof) was unreasonably dangerous, risk-creating, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

15. The subject scooter (including the parts thereof) lacked adequate safety features to prevent Plaintiff's incident.

16. These hazardous conditions were known, or should have been known, to Defendant in the exercise of reasonable care.

17. These hazardous conditions existed for a period of time before the incident.

18. These conditions were neither open nor obvious to Plaintiff.

19. At all times relevant, Defendant failed to adequately inspect the subject scooter (including the parts thereof) for dangers, and Defendant failed to adequately warn Plaintiff of the dangers.

20. At all times relevant, Defendant failed to eliminate the hazards.

21. At all times relevant, Defendant failed to maintain the subject scooter (including the parts thereof) in a reasonably safe condition.

22. At all times relevant, Defendant participated in the design and/or approved the design of subject scooter (including the parts thereof) involved in Plaintiff's incident.

23. At all times relevant, Defendant participated in the assembly and/or approved the assembly of the subject scooter (including the parts thereof) involved in Plaintiff's incident.

24. At all times relevant, Defendant participated in the distribution and/or approved the distribution of the subject scooter (including the parts thereof) involved in Plaintiff's incident.

## COUNT I – NEGLIGENCE

Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 10 through 24 as if set forth herein.

25. The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

26. Such duty includes, but is not limited to, the duty to provide its passengers reasonable care to inspect for and resolve dangerous, risk-creating, and hazardous conditions that

passengers, including the Plaintiff, will likely encounter.

27. Such duty also includes, but is not limited to, the duty to maintain its scooters, area, and the vicinity in a reasonably safe condition.

28. Such duty also includes, but is not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

29. At all times material, the Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failing to inspect, keep, and maintain the subject scooter (including the parts thereof) in a reasonably safe condition;

   b. Failing to install proper and reasonable safeguards to prevent passengers and people from being injured when using the subject scooter;

   c. Failing to take proper precautions for the safety of passengers and people using the subject scooter;

   d. Failing to warn Plaintiff of the risk-creating conditions of the subject scooter (including the parts thereof);

   e. Participating in and/or approving the design and/or installation and/or distribution of the dangerous and/or defective scooter (including the parts thereof);

   f. Failing to warn of known dangerous design and/or other defects of the subject scooter (including the parts thereof);

   g. Failing to adequately inspect and maintain the subject scooter (including the parts thereof);

   h. Failing to have adequate policies and procedures in place for inspection and

  maintenance of the subject scooter (including the parts thereof);

i. Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant;

j. Failing to employ sufficient crewmembers and/or adequately trained crewmembers to properly inspect and maintain the subject scooter (including the parts thereof), and Defendant knew or should have known that the department responsible for providing and/or charging scooters was inadequately staffed;

k. Failing to provide an adequate acceleration/throttling mechanism for the subject scooter and/or failing to warn of the same;

l. Failing to adequately charge Plaintiff's scooter so that she did not have to rely on a scooter provided by Defendant;

m. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence;

n. Failing to provide prompt, proper, and adequate medical care in its medical center, including, but not limited to, by failing to adequately diagnose and/or treat Plaintiff's injuries, preventing Plaintiff from adequately receiving timely treatment, causing additional pain and suffering, and/or causing exacerbation of her injuries;

o. Failing to otherwise maintain the subject scooter (including the parts thereof) in a safe and reasonable manner; and/or

p. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

30. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but

for the Defendant's negligence, Plaintiff's injuries would not have occurred.

31. Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

32. As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity.

33. The losses are either permanent or continuing in nature.

34. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, COLLEEN CONDEN, demands Judgment against Defendant, ROYAL CARIBBEAN GROUP, LTD., for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of future earning capacity, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre-and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT II
## NEGLIGENCE AGAINST DEFENDANT FOR THE ACTS OF ITS CREWMEMBERS BASED ON VICARIOUS LIABILITY

35. Plaintiff incorporates by reference and re-alleges as though originally alleged herein the allegations of paragraphs 10 through 24 and further alleges:

36. Defendant at all relevant times, owed the Plaintiff a non-delegable duty to exercise the reasonable care required for the safety of a fare-paying passenger.

37. Alternatively, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

38. To the extent Defendant contests its responsibility for the conduct of its crew members, including the crewmembers who were responsible for charging Plaintiff's scooter and/or who provided Defendant's scooter to Plaintiff, Plaintiff alleges that these individuals were agents of the Defendant for the following reasons:

39. The crewmembers were the employees of Defendant, or were Defendant's, agents, apparent agents, and/or servants.

40. The crewmembers were subject to the right of control by Defendant.

41. The crewmembers were acting within the scope of their employment or agency.

42. Defendant acknowledged that the crew, officers, and stewards would act on Defendant's behalf, and they accepted the undertaking.

43. Defendant, is vicariously liable for the acts of its crewmembers, including the crewmembers who were responsible for charging Plaintiff's scooter and/or who provided Defendant's scooter to Plaintiff, as set forth in the Factual Allegations, and Count I above. Those acts proximately caused Plaintiff's injuries and damages.

44. As a result of the negligence of Defendant, Plaintiff suffered severe bodily injury resulting in pain and suffering, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered permanent physical handicap, loss of earnings, and lost wage earning capacity as Plaintiff's working ability has been

impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

45. The losses are either permanent or continuing in nature.

46. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, COLLEEN CONDEN, demands judgment against Defendant, ROYAL CARIBBEAN GROUP, LTD., for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of future earning capacity, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, COLLEEN CONDEN, demands trial by jury on all issues so triable.

**Dated:** July 17, 2020.

Respectfully submitted,

/s/ Spencer M. Aronfeld
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Matthias M. Hayashi, Esq.**
Florida Bar No.: 115973
mhayashi@aronfeld.com
ARONFELD TRIAL LAWYERS
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:   (305) 441.0440
F:   (305) 441.0198
*Attorneys for Plaintiff*